```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Newport News Division
```

**SONYA MCINTYRE-HANDY,**

        **Plaintiff,**

**v.**                                             **ACTION NO. 4:05cv124**

**APAC CUSTOMER SERVICES, INC.,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the court on plaintiff Sonya McIntyre-Handy's ("McIntyre-Handy") motions to vacate, or, alternatively, for partial summary judgment; for declaratory relief; to strike defendant's affirmative defenses; and for sanctions for frivolous defenses, for legal fees, and for legal counsel. For the reasons stated below, McIntyre-Handy's motions are **DENIED**.

### I. Procedural History

On September 15, 2005, McIntyre-Handy, proceeding pro se, filed a complaint against APAC Customer Services, Inc. ("APAC"), her former employer. The core of McIntyre-Handy's complaint charges APAC with retaliating against her in violation of the Americans with Disabilities Act of 1990 ("ADA"). Specifically, she claims that APAC management harassed her, disciplined her on August 9, 2004, and September 21, 2004, and terminated her on September 30, 2004, in retaliation against her for filing a disability

discrimination suit against APAC on June 28, 2004.[1]  On November 14, 2005, APAC moved to dismiss or for summary judgment on the claims alleged in the complaint, except the retaliation claims based on the August 9, 2004, and September 21, 2004, disciplinary actions and the September 30, 2004, termination.  On December 2, 2005, McIntyre-Handy responded in opposition to APAC's motion.  With her response, she submitted a personal sworn statement, dated December 2, 2005, and an affidavit of Suann Derkowski, dated April 13, 2005.  On January 12, 2006, McIntyre-Handy filed a motion to amend her complaint to include, among other particulars, a demand for damages for intentional infliction of emotional distress.  On the same date, she filed a motion to add United Parcel Service ("UPS") as a party-defendant.  On January 26, 2006, APAC responded in opposition to McIntyre-Handy's motions to amend her complaint and to add UPS as a party.

On March 20, 2006, the court entered an Opinion and Order granting McIntyre-Handy's motion to amend her complaint as to APAC and denying her motion to add UPS as a party.  See McIntyre-Handy v. APAC Customer Sers., Inc., 422 F. Supp. 2d 611 (E.D. Va. 2006).  In the same Opinion and Order, the court granted APAC's motion for partial summary judgment, leaving at issue the retaliation claims

---

[1] In her suit against APAC filed on June 28, 2004, McIntyre-Handy alleged failure to accommodate her disability, disparate treatment, and retaliation, in violation of the Americans with Disabilities Act.  See McIntyre-Handy v. APAC Customer Servs., Inc., No. 4:04cv83 (E.D. Va. May 13, 2005).

based on the disciplinary actions and the termination.  See id.[2] On April 6, 2006, APAC answered the complaint, denying the remaining allegations of retaliation and asserting numerous affirmative defenses.

On April 21, 2006, McIntyre-Handy filed motions to vacate the court's March 20, 2006, judgment, for partial summary judgment, and for declaratory judgment.  With these motions, she filed a personal affidavit, dated April 19, 2006; a sworn statement of Cassandra Floyd, dated April 4, 2006; and an affidavit of Suann Derkowski, dated March 29, 2005.  APAC responded in opposition to the motions to vacate, for partial summary judgment, and for declaratory judgment on May 5, 2006.  McIntyre-Handy replied to APAC's response on May 23, 2006.  On the same date, she also filed motions to strike APAC's affirmative defenses, for sanctions for frivolous

---

[2]In its March 20, 2006, Opinion and Order, the court did not decide APAC's motion to dismiss or for summary judgment on McIntyre-Handy's specific allegation that APAC management retaliated against her by falsely accusing her of sitting on and eating at her desk.  See McIntyre-Handy v. APAC Customer Servs., Inc., 422 F. Supp. 2d 611, 624 n. 21 (E.D. Va. 2006).  Sitting on and eating at her desk was one of several other infractions for which McIntyre-Handy was disciplined on August 9, 2004.  See infra note 8 (detailing the attendance infractions for which McIntyre-Handy was disciplined on August 9, 2004).  Sitting on and eating at her desk is no more serious than the other infractions for which she was disciplined.  See id.  Therefore, sitting on and eating at her desk, whether or not it occurred, did not alone lead to the August 9, 2004, disciplinary action.  In any event, McIntyre-Handy's allegation that APAC management falsely accused her of this infraction is subsumed in her claim that the August 9, 2004, disciplinary action itself was retaliatory, and that is the extent to which the allegation will henceforth be considered.

defenses, for legal fees, and for legal counsel. With these later filed motions, she submitted an additional affidavit, dated May 23, 2006.[3] On June 6, 2006, APAC responded in opposition to the motions to strike APAC's affirmative defenses and for sanctions for frivolous defenses, for legal fees, and for legal counsel. McIntyre-Handy's motions are now ripe for review.

## II. Analysis

### A.   Motion to Vacate Judgment

McIntyre-Handy contends that the court should vacate its March 20, 2006, judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, because she has acquired newly discovered evidence in the form of a personal affidavit, dated April 19, 2006, and a sworn statement of Cassandra Floyd, dated April 4, 2006. McIntyre-Handy claims that Floyd's sworn statement is newly discovered because Floyd, another former APAC employee, previously was bound by APAC's Employee Nondisclosure Agreement, which prohibited Floyd from disclosing the information contained in her sworn statement.

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part: "[o]n motion and upon such terms as are just,

---

[3] McIntyre-Handy's submissions to the court on April 21, 2006, and May 23, 2006, were all filed subject to defect. Her April 21, 2006, motions were filed without memorandums in support. She neglected to sign the motions filed on May 23, 2006, and her address and telephone number were not included on those motions or on the personal affidavit submitted on the same date. In any event, APAC has responded to these submissions and the court considers them in addressing the various motions herein.

the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered [within ten days after entry of the challenged judgment]." Fed. R. Civ. P. 60(b) (2006).[4]  Obviously, evidence that was available to the moving party prior to entry of the judgment is not "newly discovered" evidence within the meaning of Rule 60(b).  See Boryan v. United States, 884 F.2d 767, 771-72 (4th Cir. 1989) (holding that since indicia of the claimed newly discovered evidence was known to the moving party prior to judgment and was sufficient to prompt further investigation, the evidence claimed to be newly discovered was not "newly discovered" within the meaning of Rule 60(b)).  In addition, evidence that is merely cumulative to evidence presented to the court prior to entry of the judgment is not a basis for vacating that judgment under Rule 60(b).  See Boryan, 884 F.2d at 771 (observing that a party moving for relief from judgment under Rule 60(b) must demonstrate that the evidence claimed to be "newly discovered" is not merely cumulative or impeaching); U.S. Fid. & Guar. Co. v. Lawrenson, 334 F.2d 464, 465-466 (4th Cir. 1964) (denying a Rule 60(b) motion because the

---

[4] Rule 60(b) actually defines newly discovered evidence as that which could not have been discovered in time to move for a new trial under Rule 59(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 60(b) (2006).  Under Rule 59(b), a motion for new trial must be filed no later than 10 days after entry of judgment.  See Fed. R. Civ. P. 59(b) (2006).

evidence claimed to be "newly discovered" in substance had been presented to the court prior to entry of the judgment).

McIntyre-Handy has failed to demonstrate that either her affidavit or Floyd's sworn statement satisfy the Rule 60(b) standard for relief from judgment.  First, the information contained in McIntyre-Handy's own affidavit was plainly available to her prior to entry of the March 20, 2006, judgment.[5] Second, to the extent that McIntyre-Handy's affidavit and Floyd's sworn statement pertain to the claims adjudged in the March 20, 2006, judgment, the evidence is cumulative to McIntyre-Handy's sworn statement, dated December 2, 2005, and Derkowski's affidavit, dated April 13, 2005, which were presented to the court prior to entry of its March 20, 2006, judgment. Compare Pl.'s Sworn Statement, dated Dec. 2, 2005 (averring that APAC management falsely accused her of sitting on and eating at her desk and intentionally distracted her during call tests) and Derkowski Aff., dated Apr. 13, 2005 (averring that APAC management distracted McIntyre-Handy during call tests and monitored her excessively) with McIntyre-Handy Aff., dated Apr. 19, 2006 (averring that APAC management monitored her excessively, deliberately distracted her during call tests, and falsely accused her of sitting on and eating at her desk) and Floyd Sworn Statement, dated Apr. 4, 2006 (averring that APAC management

---

[5] McIntyre-Handy specifically disavows being bound by APAC's Employee Nondisclosure Agreement.  See McIntyre-Handy Aff., dated Apr. 19, 2006.

6

gave McIntyre-Handy the wrong information during call tests and falsely accused her of sitting on and eating at her desk). Since McIntyre-Handy has failed to show any "newly discovered" evidence to entitle her to relief under Rule 60(b), her motion to vacate the court's March 20, 2006, judgment is **DENIED**.

**B. Motion for Partial Summary Judgment**

As an alternative to her motion to vacate the court's March 20, 2006, judgment in this case, McIntyre-Handy moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the retaliation claims that remain in issue.[6] She alleges that the evidence she has submitted demonstrates that the August 9, 2004, and September 21, 2004, disciplinary actions and the September 21, 2004, termination were adverse employment actions. She further declares that any legitimate reasons APAC offers for these actions are a pretext for retaliation.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[6] McIntyre-Handy's motion for partial summary judgment, filed on April 21, 2006, does not identify the claims on which she seek summary judgment. However, in her reply filed on May 23, 2006, she asserts that she seeks summary judgment on the remaining claims before the court, and she specifically addresses her retaliation claims based on the disciplinary actions and termination. Therefore, her motion for partial summary judgment is considered to be directed to the remaining claims.

7

judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Judgment will not be granted in favor of an employee asserting retaliation under the ADA unless she meets her burden of demonstrating that retaliation was the real reason for the adverse employment action. See Jiminez v. Mary Washington Coll., 57 F.3d 369, 377-78 (4th Cir. 1995) (holding that the employee bears the ultimate burden of showing that the employer's proffered legitimate reason for the adverse employment action was false and that retaliation was the real reason).[7]

---

[7] An employee may prove retaliation under the ADA by either offering sufficient direct or indirect evidence of retaliation or by proceeding under a burden-shifting method. Rhoads v. F.D.I.C, 257 F.3d 373, 391 (4th Cir. 2001). Under the burden-shifting method, the employee bears the initial burden of showing that (1) she engaged in an activity protected by the ADA; (2) she suffered an adverse action subsequent to engaging in the protected activity; and (3) there was a causal connection between the protected activity and the adverse action. Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002). If the employee meets her initial burden, the burden shifts to her employer to articulate a legitimate, non-retaliatory reason for its actions. Rhoads, 257 F.3d at 391. If the employer meets its burden, the employee must then demonstrate that the employer's proffered legitimate reason was false and that retaliation was the real reason. See id.

Although McIntyre-Handy repeatedly avers that retaliation was the reason for her discipline and termination, she has not met her burden of demonstrating the absence of a genuine issue of material fact on her retaliation claims. Based on her own pleadings and the exhibits previously filed in this case, whether McIntyre-Handy was disciplined and terminated in retaliation, or for legitimate, non-retaliatory reasons, namely her poor job performance, remains a genuine and material issue of fact. The Corrective Action Forms previously filed as exhibits in this case state that McIntyre-Handy was disciplined on August 9, 2004, and September 21, 2004, for numerous attendance infractions. <u>See</u> Reply Def.'s Partial Mot. Dismiss or Partial Summ. J., filed Dec. 2, 2005, at Ex. 2 (August 9, 2004, Corrective Action Form); Def.'s Reply Pl.'s Opp'n Def.'s Partial Mot. Dismiss, or Alternative, Partial Summ. J., filed on Nov. 14, 2005, at Ex. 1 (September 21, 2004, Corrective Action Form).[8] In addition, both Corrective Action Forms explicitly provide that any further infractions could result in termination.

---

[8] McIntyre-Handy was disciplined on August 9, 2004, for leaving forty-five minutes early on July 30, 2004; coming in forty-seven minutes late on August 3, 2004; not working her assigned shift on August 4, 2004; and coming in twelve minutes late on August 6, 2004. <u>See</u> Reply Def.'s Partial Mot. Dismiss or Partial Summ. J., filed Dec. 2, 2005, at Ex. 2 (August 9, 2004, Corrective Action Form). McIntyre-Handy was disciplined on September 21, 2004, for having accrued fourteen and a half days of un-excused absences from August 16, 2004, to September 17, 2004. <u>See</u> Def.'s Reply Pl.'s Opp'n Def.'s Partial Mot. Dismiss, or Alternative, Partial Summ. J., filed on Nov. 14, 2005, at Ex. 1 (September 21, 2004, Corrective Action Form).

See id.  It is undisputed that McIntyre-Handy committed these attendance infractions and was disciplined for them, as documented in the Corrective Action Forms.  See e.g., Pl.'s Sworn Statement, dated Dec. 2, 2005 (stating that she left early on July 30, 2004, was tardy on August 3, 2004, and did not come to work on August 4, 2004).  Therefore, the reason for McIntyre-Handy's discipline and termination plainly remains at issue, and McIntyre-Handy's motion for partial summary judgment is **DENIED**.

### C.  Motion for Declaratory Relief

Although a demand for declaratory relief was not included in her original or amended complaint, McIntyre-Handy moves for a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), in regards to her claims against APAC.[9]  Like any other demand for relief, a demand for declaratory relief must be set forth in an appropriate pleading.  See 28 U.S.C. § 2201 (1994 & West Supp. 2006) (authorizing a district court to grant declaratory relief "upon the filing of an appropriate pleading"); Fed. R. Civ. P. 57 (2006) (providing that declaratory judgments be obtained in accordance with the Federal Rules of Civil Procedure); Fed. R. Civ. P. 8(a) (2006) (requiring that a pleading contain "a demand for judgment for the relief the pleader seeks").  If a party

---

[9] McIntyre-Handy raises a litany of allegations in her motion for declaratory relief.  The court considers her motion addressed to only the claims properly before the court, which are those raised in her complaint and amended complaint that are yet to be decided.  See supra note 2 and accompanying text.

10

has amended her pleading once as a matter of course, or if a responsive pleading has been served, a party may amend her pleading to include an additional demand for relief "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a) (2006). Although leave to amend must be granted when "justice so requires," justice does not warrant a grant of leave when the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Burns v. AAF-McQuay, Inc., 166 F.3d 292, 294-95 (4th Cir. 1999); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d. ed. 1990).

APAC does not consent to the amendment of McIntyre-Handy's complaint to include a demand for declaratory relief, and justice does not warrant a grant of leave to so amend. The decision to grant declaratory relief rests in the sound discretion of the district court, and that discretion should be exercised in appropriate cases only. See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256-57 (4th Cir. 1996); Energy Recovery, Inc. v. Hauge, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000) (Jackson, J.). Declaratory relief is intended "to prevent avoidable damages from being incurred by a person who is not certain of his rights, and to afford that party an early adjudication of his rights without waiting until his adversary sees fit to bring suit, which usually will be after damages have accrued." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1238 (3d. ed.

11

2004); see also Centennial Life Ins. Co., 88 F.3d at 256 (stating that "a declaratory judgment is appropriate . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding" (internal quotation marks and citation omitted)); Energy Recovery, Inc., 133 F. Supp. 2d at 817 (declaring that "[a]n appropriate case [for declaratory relief] is one where a plaintiff has an objective and reasonable apprehension of future litigation").

Declaratory relief is unnecessary and inappropriate in this case, as McIntyre-Handy is already seeking an adjudication of her rights and the recovery of damages that she claims have already accrued. Leave to amend her complaint to include a demand for declaratory relief is **DENIED**. This case proceeds only as to the claims asserted and the relief demanded in the complaint and amended complaint that are yet to be adjudged.[10]

**D.  Motions to Strike APAC's Affirmative Defenses, for Sanctions for Frivolous Defenses, for Legal Fees, and for Legal Counsel**

McIntyre-Handy moves to strike APAC's affirmative defenses, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and for sanctions and legal fees, pursuant to Rule 11 of the Federal Rules of Civil Procedure, because she contends that APAC's answers and affirmative defenses are frivolous, unsubstantiated, and intended to harass and delay. In particular, she states that

---

[10] See supra note 2 and accompanying text.

APAC's affirmative defenses four, eleven, twelve, and thirteen, which address APAC's accommodation of McIntyre-Handy's disability, are unrelated to her claims of harassment and retaliation. She further claims that APAC's affirmative defense nineteen, which contends that McIntyre-Handy failed to take advantage of opportunities to prevent and correct discrimination, contradicts APAC's answer to paragraph nine of the complaint that APAC management met with McIntyre-Handy, at her request, to discuss her disciplinary records.[11]

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading "upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time." Fed. R. Civ. P. 12(f) (2006). A motion to strike "is a drastic remedy which is disfavored by the courts and infrequently granted." Int'l Longshoremen's Ass'n, Steamship Clerks Local 1624 v. Virginia Int'l Terminals, Inc., 904 F. Supp. 500, 504 (E.D. Va. 1995) (Smith, J.); see also Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (same); Stabilisierungsfonds Fur Wein v.

---

[11] Only these two grounds for McIntyre-Handy's motions to strike and for sanctions are stated with particularity. See Fed. R. Civ. P. 7(b) (2006) (requiring motions "state with particularity the grounds therefore"); Fed. R. Civ. P. 11(b)(1)(A) (2006) (requiring that motions for sanctions under this rule "describe the specific conduct alleged to violate [this Rule]").

Kaiser, Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (same). Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense" such that "its presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1380 (3d. ed. 2004). Rule 11 of the Federal Rules of Civil Procedure mandates, in relevant part, that a signature on any pleading constitutes a representation that the pleading is well grounded in fact and is warranted by existing law, or a good faith argument for extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay. See Fed. R. Civ. P. 11 (2006). A motion to sanction a party for violating the mandate of Rule 11 may not be filed or presented to the court until twenty-one days have elapsed after service of the motion on the opposing party, and the motion may not be filed in conjunction with other motions. See id.

McIntyre-Handy has not complied with the procedural requirements of either Rule 12(f) or Rule 11, nor has she shown that the remedies available under these rules are warranted in this case. Procedurally, she filed her Rule 12(f) motion more than twenty days after she was served with APAC's answer. See Fed. R.

14

Civ. P. 12(f) (requiring motion to be made within twenty days after service of the challenged pleading). She has not demonstrated that her Rule 11 motion was filed twenty-one days after it was served on APAC, and she filed her Rule 11 motion in conjunction with her Rule 12(f) motion. See Fed. R. Civ. P. 11 (precluding filing of motion until twenty-one days have elapsed after service of the motion on the opposing party and precluding filing motion in conjunction with other motions).

In regard to the merits of her motions, McIntyre-Handy has not demonstrated that she will be prejudiced by the inclusion of affirmative defenses related to APAC's accommodation of her disability or by inconsistency between an affirmative defense and a denial. See Wright & Miller, supra § 1380. Although a failure to accommodate claim is not presently in issue, McIntyre-Handy pursued a failure to accommodate claim in her 2004 case against APAC,[12] and she references her medical condition in her pleadings in this case. Moreover, inconsistency in a party's answer is permitted by the federal rules, so long as the averments are made in good faith. See Fed. R. Civ. P. 8(e) (2006) (providing that "[a] party may also state as many separate claims or defenses as the party has regardless of consistency"); Erie Ins. Exch. v. Stark, 962 F.2d 349, 354 (4th Cir. 1992) (observing that "inconsistent factual theories of claim or defense are expressly

---

[12]See supra note 1.

15

allowed in federal practice"). There is absolutely no showing of bad faith by APAC in asserting legal defenses or affirmative defenses. Moreover, an affirmative defense is generally waived if not asserted in a party's answer. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d. ed. 2004). McIntyre-Handy has presented no objective evidence that any of APAC's answers or affirmative defenses were filed for an improper purpose such as to harass or delay. See Harrison v. Edison Bros. Apparel Stores, Inc., 151 F.3d 176, 180 (4th Cir. 1998) (vacating order imposing sanctions under Rule 11 where movant failed to present evidence of intent to harass or delay); Bd. Dirs., Water's Edge, a Condominium Unit Owner's Ass'n v. Anden Group, 136 F.R.D. 100, 103 (E.D. Va. 1991) (stating that objective evidence of improper purpose is required). Accordingly, McIntyre-Handy's motions to strike APAC's affirmative defenses, for sanctions for frivolous defenses, and for legal fees are **DENIED.**

McIntyre-Handy has also requested legal counsel to represent her in this case. See McIntyre-Handy's Aff., dated May 23, 2006 (declaring that "I need the federal government to assign an attorney to the case"). Title 28 U.S.C. § 1915(e)(1) does not authorize federal courts to require attorneys to represent indigent litigants in civil cases. See Mallard v. United States District Court, 490 U.S. 296, 309-10 (1989). No public funding is available for this purpose, and the court can only request an attorney to

represent a plaintiff pro bono. See id. at 310; 28 U.S.C. § 1915(e)(1) (emphasis added). McIntyre-Handy has failed to set forth any exceptional circumstances that demonstrate the need for an attorney and, in fact, has demonstrated her ability to adequately represent herself. Accordingly, the court declines to request counsel to assist McIntyre-Handy at this time, and her motion for appointment of counsel is **DENIED**.

### III. Conclusion

For the reasons set forth above, McInytre-Handy's motions to vacate, or, alternatively, for partial summary judgment; for declaratory relief; to strike defendant's affirmative defenses, for sanctions for frivolous defenses, for legal fees, and for legal counsel are **DENIED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to McIntyre-Handy and counsel for APAC.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

June 23, 2006